## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:19-cr-00541(FAB)** |
| **AHSHA NATEEF TRIBBLE (1)** **DONALD KEITH ELLISON (2)** **JOVANDA R. PATTERSON (3)** | |
| **Defendant(s).** | |

## SCHEDULING ORDER

### Summary

| Deadline | Milestone |
|---|---|
| October 18, 2019 at 9:00 am | Status Conference |
| October 25, 2019 | Discovery deadline |
| November 8, 2019 | Pretrial motions |
| December 2, 2019 | Change of plea motion OR Proposed voir dire and preliminary instructions |
| December 9, 2019 at 9:00 am | Jury trial |

I.      **SCHEDULE**

A.      **Status Conference**.  A Status Conference in this case is scheduled for **October 18, 2019 at 9:00 am.**

B.      **Jury Trial**.  This case is set for trial, within speedy trial constraints, for **December 9, 2019 at 9:00 am.**  The regular working schedule during trials will be 9:00 a.m. to 12:30 p.m. and 2:00 p.m. to 5:00 p.m.

**C.**    **Discovery**.  The United States will provide all Rule 16 discovery to defendant and will file its designation of evidence no later than **October 25, 2019.**

1.    Automatic discovery by the United States of the following material and information in its possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States:

Within the term provided above, except where otherwise provided, the United States shall disclose and allow the defendant to inspect, copy and photograph:

a.    all relevant written or recorded statements or confessions made by the defendant, or copies of them.

b.    that portion of any written record containing the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent.

c.    the substance of any other relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person then known by the defendant to be a government agent, if the United States intends to use that statement at trial.

d.    the defendant's arrest and conviction record.

e.    the recorded grand jury testimony of the defendant relating to the offense(s) charged.

f.    all information and material known to the United States which may be favorable to the defendant on the issues of guilt or punishment, within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

g.    the existence and substance of any payment, promise of immunity, leniency, preferential treatment, or other inducement made to prospective government witnesses

2

within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959), within the term of ten (10) calendar days before trial, unless the United States provides to the Court information of circumstances that call for a later disclosure.

h.      any witness statement, as defined in Federal Rule of Criminal Procedure 26.2(f) and 18 U.S.C. 3500, at least three (3) calendar days prior to the commencement of the proceedings at which the witness is expected to testify, unless the United States provides to the Court information of circumstances that call for a later disclosure.

i.      all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions of them, which are within the possession, custody or control of the United States, and which are material to the preparation of the defendant's defense or are intended for use by the United States as evidence in chief at the trial, or were obtained from or belong to the defendant.

j.      any result or report of physical or mental examinations, of scientific tests, or experiments made, and which are material to the preparation of the defendant's defense or are intended for use by the United States as evidence in chief at the trial.

k.      additionally, the United States shall:

(i)      provide reasonable notice in advance of trial of any Rule 404(b) evidence;

(ii)      advise its agents and officers involved in the case to preserve all rough notes; and

(iii)      state whether the defendant was a party to any intercepted wire, oral, or electronic communication of a person against whom the interception was

3

directed; if so, the United States shall set forth in detail the circumstances of the interception within the deadline established above.

l.      If recordings will be introduced in evidence, the United States shall provide defendant with the complete transcripts of the recordings, and their English translations, certified by a court interpreter, at least thirty (30) days before trial.  The transcript pages must be numbered.  Any objections to the accuracy of the transcripts shall be raised fourteen (14) calendar days after their production or will be deemed waived.

2.      Automatic discovery by defendant of the following material and information in his or her possession, custody or control, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for defendant:

a.      Upon disclosure by the United States of the automatic discovery under item I(C)(1)(i), the defendant shall permit the United States, within twenty (20) days after the disclosure, to inspect, copy and photograph any books, papers, documents, photographs, tangible objects, or copies or portions of them, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at the trial.

b.      Upon disclosure by the United States of the automatic discovery under item I(C)(1)(i) above, the defendant shall permit the United States, within twenty (20) days after the disclosure, to inspect, copy and photograph any result or report of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies of them, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to that witness' testimony.

4

3.      Exceptions to the automatic discovery:

If in the judgment of either party it would be detrimental to the interests of justice to make any of the disclosures set forth above, those disclosures may be declined, if the opposing party is advised in writing within the deadlines for disclosure established above, of the specific matters on which disclosure is declined and of the reasons for declining.  If the opposing party seeks to challenge the declination, that party shall file, within fourteen (14) days after notice of the declination, a Motion for Further Discovery accompanied by a supporting memorandum and appropriate affidavits.

4.      Discovery motions:

The parties are barred, under penalty of imposition of sanctions, from filing motions addressed to any of the items of automatic discovery.  The only discovery motion allowed to be filed is the one permitted under item I(C)(3) above.  The parties are reminded that their duty of disclosure and discovery is continuing.

**D.      Pretrial Motions**.  All pretrial motions, including motions to dismiss or to suppress shall be filed by **November 8, 2019** or, if the case is continued, no later than fourteen (14) days before the trial date. Motions to continue must be accompanied by a signed waiver of any Speedy Trial Act rights associated with this case/matter.  Oppositions, if any, to the motions will be due five (5) calendar days after the filing of the motion(s).

**E.      Plea Negotiations**.  Conclusion of plea negotiations and motion(s) for change of plea must be filed by **December 2, 2019** or, if the trial date is continued, no later than ten (10) days before the trial date.

Defense counsel are admonished that they must diligently inquire with their clients if they wish to engage in plea negotiations so that negotiations may be concluded within a reasonable time before trial. Any unnecessary jury costs because of lack of diligence in concluding plea negotiations may result in the imposition of sanctions upon the attorney responsible for the delay.

The change of plea hearing will be held within forty-eight (48) hours following the date the motion for change of plea is filed, and no later than the date the trial was originally scheduled.

**THESE DEADLINES WILL NOT BE EXTENDED UNLESS BY ORDER OF THE COURT AND FOR GOOD CAUSE SHOWN.**

## II.   PROCEDURAL MATTERS

1.       Counsel's timely attendance is expected at each scheduled in-court conference. Counsel shall appear ready to participate at the conference and report on the status of discovery, any needed or outstanding discovery request not answered by the government, the need for dispositive motions or for evidentiary hearings and may raise any other relevant subject. Any counsel unable to attend may seek to be substituted at the conference. Substitute counsel shall appear prepared and fully informed of the status of the case so as to enable meaningful participation. Failure to attend or be fully prepared by counsel of record, substitute counsel or counsel for the government may entail sanctions.

2.       The caption of any motion or any other filing shall include defendant's full name and number within the indictment.

3.       No document entitled "Informative Motion" will be filed. If counsel wants to inform the Court of any matter a "Notice to the Court" will be filed.

4.      Defense counsel will not file a "Notice to the Court" to indicate submission to the government of an informal discovery request. (Local Rule 116(b)(1)).  Boiler plate discovery motions and notices to the Court will not be paid from CJA funds.

5.      Motions to Join other motions filed by other defendants will indicate specifically what is being joined.  Motions to join "to the extent applicable" will be summarily denied.

6.      Motions to continue will be considered only if good cause is shown.  Three alternate dates and times convenient to all parties shall be provided for the Court's consideration.  See Local Rule 16(k). Motions to continue shall be filed at least two calendar days prior to the hearing.  The Court will not accept telephone calls requesting a continuance of the hearing unless for grave cause.

7.      Notices informing the Court that counsel will be on vacation or absent from the jurisdiction shall not be filed.  The Court will not amend its scheduling or its case management because counsel is on vacation or outside the jurisdiction. Were counsel to be absent he or she shall arrange to be properly substituted. If filed, these motions will not be paid from CJA funds.

8.      Interim vouchers are not permitted unless authorized in advance.

9.      Objections to the Presentence Investigation Report are to be submitted to the United States Probation Office in accordance with Local Rule 132. Objections or issues not resolved with the Probation Office shall be submitted to the Court, in writing, at least five (5) calendar days prior to the sentencing date, or they will not be considered.

10.     All sentencing memoranda must also be filed at least five (5) calendar days prior to the sentencing date, or they will not be considered.

7

11.     Vouchers presented for payment must be supported by a verified, detailed time sheet, compiled from currently kept records.

12.     All entries will be closely scrutinized to determine if, in the Court's opinion, they are excessive or vague.  Any entry in a voucher such as interview with client, read and analyzed order, prepared motion, or review of docket entries are vague and unacceptable and will not be approved for payment.  All docket entries must refer or be relevant to counsel's client.  Counsel must specify the purpose, topic, title of order or motion, specific person with whom conversation or interview was held, the reason he or she needed to review the docket entry, and any other detail deemed necessary for the Court to evaluate the entry.

13.     Vague or excessive entries, or entries not conforming to this order or to the general regulations for preparing time sheets, will be stricken and not paid.  Time sheets considered unsuitable for evaluation will be returned to counsel for corrections. Supporting documents not required by the regulations, such as copies or contemporaneously kept time slips may be requested by the Court.

14.   General, overbroad and boilerplate requests for information regarding Grand Jury sessions and testimonies of witnesses appearing before it, will be denied and will be deemed as waived.  U.S. v. Zanino, 895 F.2d 1 (1st Cir. 1990).

15.     General, overbroad and boilerplate requests for information regarding names of government witnesses, names of undercover agents or non-participating informants, their personnel files, their addresses, and results of any polygraphs administered to those prospective witnesses will be denied and will be deemed as waived.  U.S. v. Zanino, 895 F.2d 1 (1st Cir. 1990).

16.     Waiting time for the purpose of in-court hours will be counted from the time of the setting until the conference or hearing actually begins.  Should counsel choose to arrive early due to his or her own convenience, compensation will not be approved for the time from counsel's arrival until the time of the setting. Similarly, counsel will not be compensated for time spent in the courthouse or the federal building between settings.

17.     "Block billing" is not permitted.  Block billing is a practice where the amount of time spent on each discrete task is not identified, but instead all hours spent during some part of a day on multiple tasks are billed together.

## III.     CALENDAR CONFLICT

The parties are advised that, pursuant to Local Civil Rule 3A(f)(1), the following order of precedence has been established to resolve calendar conflicts among judicial officers:

A.     Trials shall take precedence over all other hearings.

B.     Jury trials shall take precedence over non-jury trials.

C.     Criminal cases shall take precedence over civil cases.

D.     Criminal cases involving defendants in custody shall take precedence over other criminal cases.

E.     Among criminal cases not involving defendants who are in custody, the case having the earliest docket number shall take precedence over the others.

F.     Among civil cases, the case having the earliest docket number shall take precedence over the others.

Pursuant to Local Civil Rule 3A(f)(2), when there is a conflict in court appearances, counsel has the obligation to notify each judge involved, in writing, no later than seven (7) business

days after receipt of the notice giving rise to the conflict, indicating the names and docket numbers of each case and the date and time of the conflicting hearings.

## IV.    PROPOSED *VOIR DIRE* QUESTIONS AND JURY INSTRUCTIONS

The basic *voir dire* questions and jury instructions are usually prepared by the Court.  The parties shall not submit proposed instructions of the type that are ordinarily used in every case, unless directed to do so.  They shall submit <u>only</u> special instructions or wording that they believe necessary for the specific facts of their case.  Instructions should be carefully reviewed prior to submission.  One jury instruction for each specific point will suffice; more than one possible suggested jury instruction for each point should not be submitted.  Differences in specific wording will be resolved at the charge conference.

In an effort to streamline and facilitate the compilation of the instructions, the attorneys shall follow the requested format.  Submissions not complying with these requirements will not be considered.

A.    Any preliminary jury instructions shall be packaged with the proposed *voir dire* questions.

B.    Each jury instruction shall appear on a separate page, and be numbered and identified as to the party:  <u>e.g.</u> <u>United States= Proposed Jury Instruction #1</u>.

C.    Each jury instruction shall have a caption identifying its contents, <u>e.g.</u> <u>Interstate Commerce - Definition</u>.

D.    Each jury instruction shall be followed by a citation to a source, either an accepted pattern book or supporting case law.  Instructions taken from pattern books must be from the <u>current edition</u> and be identified by the year as well as the title.

E.     All jury instructions supported by case law, treatises, articles, and the like shall include as an addendum photocopies of the complete cases or materials cited in the jury instruction. Each photocopy shall be identified as to which instruction number(s) it supports, and the specific section supporting each instruction should be either highlighted or marked with brackets.  Copies of cases and materials should not be filed, but shall be delivered to Chambers, as indicated below.

Requested *voir dire* questions and jury instructions shall be filed no later than seven (7) working days before trial.  Two sets of working copies and one set of photocopies of supporting cases shall be delivered to chambers, in addition to the set filed.

FAILURE TO FILE JURY INSTRUCTIONS TIMELY, OR TO COMPLY WITH THE REQUIREMENTS FOR COURTESY COPIES AND CASE PHOTOCOPIES FULLY, WILL CONSTITUTE A WAIVER OF OBJECTIONS TO ANY INSTRUCTION GIVEN BY THE COURT.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 8, 2019.

  s/Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge

11