IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

        **v.**

AHSHA NATEEF TRIBBLE [1],
DONALD KEITH ELLISON [2],
JOVANDA R. PATTERSON [3],

    **Defendants.**

**Criminal No.** 19-541 (FAB)

## PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, to facilitate the prompt resolution of disputes over confidentiality, to protect adequately individually identifiable information entitled to be kept confidential, and to ensure that protection is afforded only to confidential material, the United States' request for a protective order is **GRANTED**.  Pursuant to the Court's authority pursuant to Fed. R. Crim. P. 16(d), it is ORDERED as follows:

1. **Production of Information by the United States That May Be Subject to the Privacy Act, Title 5, United States Code, Section 552a, Title 42, United States Code, Section 1306, or any other Privacy Protections**

The United States may produce certain individually identifiable personal identity information, as identified in Rule 49.1 of the Federal Rules of Criminal Procedure and Local Civil Rule 5.2, to defendants, pursuant to defendants' discovery

requests and Rule 16.  The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a or to the provisions of 42 U.S.C. § 1306.  The United States may produce these documents un-redacted to defense counsel subject to this Order.  Upon production of these documents, the United States shall designate them as "confidential" in the manner set forth in section 2, below.

The defendants, including defendants' counsel and their personnel, may use these documents only for purposes of this litigation, but may **NOT** disseminate them or disclose protected personal identification information to non-parties to this litigation without prior Court approval.

Defendants' counsel and their personnel may disclose protected documents to potential witnesses or to others for other purposes of the litigation without prior Court approval; however, any protected personal identification information shall be redacted and no protected document or copy shall be disseminated or otherwise provided to remain in the custody of said person.

No defendant shall file confidential documents with, or submit them to, the Court or reproduce their contents in any court filing, unless the document or filing is placed under seal, or all information that would identify the subject of the document or filing has been removed.

Within 90 days of the final conclusion of this litigation, each defendant shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the confidential documents, to counsel for the United States, or shall destroy them and certify in writing to counsel for the United States that the documents have been destroyed.

**2.    Designation of Material Subject to this Protective Order**

The United States shall designate material covered by this Protective Order as "confidential", on the material itself, in an accompanying cover letter, e-mail, or on a disk cover or label, by using the following designation: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER."

**3.    Confidential Personal Identity Information in Open Court**

The procedures for use of confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial.

**4.    Modification Permitted**

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise proper;

**5.    No Waiver**

The failure to designate any material as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**6.    No Ruling on Discoverability or Admissibility**

This Protective Order does not constitute a ruling on whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the discoverability of any material;

**7.    Disclosure to Agencies or Departments of the United States**

Nothing contained in this Protective Order shall prevent, or in any way limit or impair, the right of the United States to disclose to any agency or department of the United States, or any division of any agency or department, confidential materials relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent, or in any way limit or impair, the use of any confidential materials by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain

the confidentiality of the designated materials consistent with

the terms of this Protective Order.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, October 15, 2019.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE