IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[3] JOVANDA R. PATTERSON<br>a/k/a Jo; a/k/a Jojo,<br>Defendant. | CRIM. NO. 19-541 (FAB) |

**PLEA AGREEMENT**
[Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

**TO THE HONORABLE COURT:**

COMES NOW the United States of America, by and through its attorneys, W. Stephen Muldrow, United States Attorney for the District of Puerto Rico, Myriam Y. Fernandez, Assistant United States Attorney, Chief Criminal Division, Timothy Henwood, Assistant United States Attorney, Acting Deputy Chief, Financial Fraud & Corruption Unit, and Seth A. Erbe, Assistant United States Attorney for said District, and **JOVANDA R. PATTERSON**, Defendant, by and through defendant's counsel, Timothy Belevetz, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1.  **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to **COUNT 13** of the Indictment:

Count 13 of the Indictment charges the following:

Count 13 (18 U.S.C. § 208):

On or about May 8, 2018, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[3] JOVANDA R. PATTERSON,** being a FEMA employee assigned to FEMA restoration efforts in Puerto Rico for the major disaster declaration FEMA-4339-DR, participated personally and substantially as a Government employee through decision, approval, recommendation, the rendering of advice, and otherwise in a proceeding in which she knew COBRA and its affiliates Cobra Energy LLC and Cobra Logistics Holding LLC had a financial interest and that at that time she was negotiating and had an arrangement concerning prospective employment with COBRA and its affiliates, to wit, she received through her FEMA email and completed a customer Past Performance Evaluation for Cobra Logistics that was part of a vender bid process. All in violation of Title 18, United States Code, Section 208(a).

Defendant **[3] JOVANDA R. PATTERSON** has agreed to plead guilty to the following:

On or about May 8, 2018, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[3] JOVANDA R. PATTERSON,** being a FEMA employee assigned to FEMA restoration efforts in Puerto Rico for the major disaster declaration FEMA-4339-DR, willfully engaged in conduct and participated personally and substantially as a Government employee through recommendation and the rendering of advice in a proceeding in which she knew COBRA and its affiliates Cobra Energy LLC and Cobra Logistics Holding LLC had a financial interest and that at that time she was negotiating and had an arrangement concerning prospective employment with COBRA and its affiliates, to wit, she received through her FEMA email and willfully completed a customer Past Performance Evaluation for Cobra Logistics that was part of a vender bid process. All in violation of Title 18, United States Code, Sections 208(a) and 216(a)(2).

2. **MAXIMUM PENALTIES**

Count Thirteen (18 U.S.C. § 208(a)): Defendant understands that in relation to Count 13 of the Indictment, the Defendant may be sentenced to a term of imprisonment not to exceed five (5) years, a fine not to exceed Two Hundred Fifty Thousand Dollars ($250,000.00), and not more than three (3) years of supervised release. 18 U.S.C. §§ 208(a); 216(a)(2), 3559(a)(4); 3571(b)(3); 3583(b)(2)(Class D Felony)

3. **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of the sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order Defendant to pay a fine. The defendant acknowledges that restitution shall be imposed for any pecuniary loss suffered by an identifiable victim pursuant to 18 U.S.C. § 3663A(c)(1)(B).

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that the sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements,

TDB/JRP

Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offenses to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under the United States Sentencing Guidelines. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

8. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the

United States and Defendant submit the following advisory Guideline calculations in the chart below.

| Count 13 | |
|---|---|
| Base Offense Level: U.S.S.G. § 2C1.3(a) | 6 |
| Acceptance of Responsibility: U.S.S.G. § 3E1.1 | -2 |
| Total Offense Level | 4 |
| **TOL 4: CHCI (0-6); CHCII (0-6)** | |

9. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category (CHC) for Defendant.

10. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties shall jointly recommend a sentence of probation as authorized by law.

Defendant agrees that this sentence recommendation is reasonable pursuant to 18 U.S.C. § 3553(a). The parties further agree that any recommendation by either party below or above the stipulated sentence recommendation constitutes a material breach of the Plea Agreement.

11. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is six (6) months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

12. **FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE**

The United States and Defendant agree that **no further adjustments or departures** to Defendant's total adjusted base offense level **and no variant sentence** under 18 USC § 3553 **shall**



**be sought by the parties** for a term of imprisonment below or above the stipulated sentence recommendation contained above. The parties agree that any request by Defendant for such an adjustment or departure will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**13. DISMISSAL OF REMAINING COUNTS**

The United States shall move to dismiss the remaining counts of the Indictment against **JOVANDA R. PATTERSON** following sentencing unless the defendant materially breaches the terms of the Plea Agreement.

**14. SATISFACTION WITH COUNSEL**

Defendant represents to the Court to be satisfied with counsel, Timothy Belevetz, Esquire, and indicates that counsel has rendered effective legal assistance.

**15. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury



would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

    c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

    d.    At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

    e.    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**16.    POTENTIAL IMPACT ON IMMIGRATION STATUS**

Defendant affirms that she is a United States citizen. Nonetheless, pursuant to Rule 11(b)(1)(O) of the Federal Rules of Criminal Procedure, Defendant hereby agrees and recognizes that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.



17. **FELONY CONVICTION**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

18. **STATEMENT OF FACTS**

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, the Defendant agrees that said statement of facts may be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

19. **FORFEITURE**

N/A.

20. **LIMITATIONS OF PLEA AGREEMENT**

Defendant is fully aware that the Court is not bound by this Plea Agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.



**21.   ENTIRETY OF PLEA AGREEMENT**

This written agreement and the supplement constitute the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and the parties deny the existence of any other terms and conditions not stated herein.

**22.   AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**23.   VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

[REMAINDER OF PAGE INTENTIONALLY BLANK]



24. **VIOLATION OF BAIL PROVISIONS AND/OR FAILURE TO APPEAR AT SENTENCING**

The Defendant agrees that any violation of the conditions of release set by the Court or failure to appear at the Sentencing Hearing will be considered a material breach of this Plea Agreement and the United States will be free to ask for any sentence, either guideline or statutory, including an adjustment pursuant to Section 3C1.1 of the United States Sentencing Guidelines for Obstruction or Impeding the Administration of Justice.

W. STEPHEN MULDROW
United States Attorney

For: MYRIAM Y. FERNANDEZ-GONZALEZ
Assistant United States Attorney
Chief, Criminal Division

Dated: 03-02-20

TIMOTHY HENWOOD
Assistant United States Attorney
Acting Deputy Chief, Financial Fraud & Corruption Unit

Dated: 2-27-2020

SETH A. ERBE
Assistant United States Attorney

Dated: 2/27/2020

JOVANDA R. PATTERSON
Defendant

Dated: 3/10/20

TIMOTHY BELEVETZ, ESQ.
Counsel for Defendant

Dated: 3/10/2020

## ACKNOWLEDGMENT

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. My counsel has reviewed the Plea Agreement to me in my native language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

3/10/20
Date

JOVANDA R. PATTERSON
Defendant

I am the attorney for the defendant. I have fully explained to the defendant their rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

3/10/2020
Date

TIMOTHY BELEVETZ, ESQ.
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **JOVANDA R. PATTERSON**, agree that the following statement provides a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for the violation of 18 U.S.C. §§ 208(a), 216(a)(2).

On or about May 8, 2018, within the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, defendant **[3] JOVANDA R. PATTERSON,** being a FEMA employee assigned to FEMA restoration efforts in Puerto Rico for the major disaster declaration FEMA-4339-DR, willfully engaged in conduct and participated personally and substantially as a Government employee through recommendation and the rendering of advice in a proceeding in which she knew COBRA and its affiliates Cobra Energy LLC and Cobra Logistics Holding LLC had a financial interest and that at that time she was negotiating and had an arrangement concerning prospective employment with COBRA and its affiliates, to wit, she received through her FEMA email and willfully completed a customer Past Performance Evaluation for Cobra Logistics that was part of a vender bid process. All in violation of Title 18, United States Code, Sections 208(a) and 216(a)(2).

This Statement of Facts is only a summary and does not include all relevant facts known by Defendant **JOVANDA R. PATTERSON** pertaining to her or any other individual's involvement in the activity described above.

If this matter had proceeded to trial, the United States would have proven beyond a reasonable doubt that Defendant **JOVANDA R. PATTERSON** is guilty as charged in Count 13 of the Indictment. This would have been proven through documentary and testimonial evidence,

TDB/

including, but not limited to electronic records, e-mail communications, and witness testimony as well as other documentation and testimonial evidence.

Discovery was timely provided for review.

_____
JOVANDA R. PATTERSON
Defendant
Dated: 3/10/20

_____
SETH A. ERBE
Assistant United States Attorney
Dated: 2/27/2020

_____
TIMOTHY BELEVETZ, ESQ.
Counsel for Defendant
Dated: 3/10/2020